IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:13-cv-382 |
| v. | § § | C O M P L A I N T |
| CAL-MAINE FOODS, INC., | § § | JURY TRIAL DEMAND |
| Defendant. | § § § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of race, sex and retaliation, and to provide appropriate relief to Thomas Hadnot who was adversely affected by such practices. More specifically, the Equal Employment Opportunity Commission (hereinafter the "Commission") alleges that Cal-Maine Foods, Inc. (hereinafter "Cal-Maine Foods"), subjected Thomas Hadnot to a hostile work environment because of his race, Black, and sex, male, in violation of Section 703(a)(1) of Title VII. The Commission also alleges that Cal-Maine Foods terminated Thomas Hadnot in retaliation for filing a charge of discrimination with the Commission in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Cal-Maine Foods, has continuously been a Delaware corporation doing business in the State of Texas and the City of Waelder and has continuously had at least 15 employees.

5. At all relevant times, Defendant, Cal-Maine Foods, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Thomas Hadnot filed a charge with the Commission alleging violations of Title VII by Defendant, Cal-Maine Foods.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2007, Defendant, Cal-Maine Foods, has engaged in unlawful employment practices at its Waelder, Texas facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These unlawful employment practices include:

(a) Offensive racial harassment and discrimination, including but not limited to racial slurs frequently made by Supervisor Mitchell to Mr. Hadnot, racial jokes told by Supervisor Mitchell and Mr. Hadnot's co-workers to Mr. Hadnot and Supervisor Mitchell blaming Mr. Hadnot for problems at work because of his race. Further

       discrimination included disparate treatment of Mr. Hadnot and different terms and conditions of employment for Mr. Hadnot because of his race including penalties for tardiness, additional cleaning duties given to Mr. Hadnot, failure or refusal of Defendant, Cal-Maine Foods, to promote Mr. Hadnot and the withholding of Mr. Hadnot's paychecks;

  (b)    Offensive sexual harassment and discrimination, including but not limited to conduct by Mr. Hadnot's Supervisor Mitchell that included unwelcomed touching Mr. Hadnot inappropriately, rubbing his body against Mr. Hadnot, unzipping his pants, and hitting and patting Mr. Hadnot on his legs and buttocks; and

  (c)    Defendant, Cal-Maine Foods' management and supervisory personnel had knowledge of the discriminatory conduct, including numerous oral and written complaints by Mr. Hadnot and other employees on behalf of Mr. Hadnot, but Defendant failed or refused to take prompt effective remedial measures to prevent and correct the discriminatory and hostile work environment.

9.    Since at least 2007, Defendant, Cal-Maine Foods, has engaged in unlawful employment practices at its Waelder, Texas facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), when it terminated Thomas Hadnot in retaliation for engaging in a statutorily protected activity of opposing what he reasonably believed to be discriminatory conduct by complaining of discrimination and participating in the filing of an EEOC charge.

10.    The effect of the practices complained of in paragraphs eight (8) and nine (9) above has been to deprive Thomas Hadnot of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race, sex and/or because he reported, opposed and filed a charge regarding Defendant, Cal-Maine Foods' discriminatory practices and conduct.

11.    The unlawful employment practices complained of in paragraphs eight (8) and nine (9) above were intentional.

12.    The unlawful employment practices complained of in paragraphs eight (8) and nine (9) above were done with malice or with reckless indifference to the federally protected rights of Thomas Hadnot.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, Cal-Maine Foods, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which facilitates, condones, or encourages a hostile work environment based on race, Black, and from engaging in any other employment practices which discriminate on the basis of race;

B.  Grant a permanent injunction enjoining Defendant, Cal-Maine Foods, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which facilitates, condones, or encourages a sexually hostile work environment based on sex, and from engaging in any other employment practices which discriminate on the basis of sex;

C.  Grant a permanent injunction enjoining Defendant, Cal-Maine Foods, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against individuals because they opposed a practice made unlawful by Title VII; or because they have filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII;

D.  Order Defendant, Cal-Maine Foods, to institute and carry out policies, practices, and programs which provide equal employment opportunities and a non-hostile work environment for all persons of all races, sex and for individuals who engage and/or participate in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices;

E.  Order Defendant, Cal-Maine Foods, to make whole Thomas Hadnot, by providing

appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Thomas Hadnot, or front pay in lieu thereof;

  F. Order Defendant, Cal-Maine Foods, to make whole Thomas Hadnot, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs eight (8) and nine (9) above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

  G. Order Defendant, Cal-Maine Foods, to make whole Thomas Hadnot, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs eight (8) and nine (9) above including, but not limited to, emotional pain, suffering, humiliation, anxiety, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

  H. Order Defendant, Cal-Maine Foods, to pay Thomas Hadnot punitive damages for engaging in discriminatory practices with malice or reckless indifference to Mr. Hadnot's federally protected rights, as described in paragraphs eight (8) and nine (9) above, in amounts to be determined at trial;

  I. Grant such further relief as the Court deems necessary and proper in the public interest; and

  J. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

            Respectfully submitted,

            P. DAVID LOPEZ
            General Counsel

JAMES L. LEE
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Patrick M. Connor
by permission of Robert A. Canino
_____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ Patrick M. Connor
by permission of Judith G. Taylor
_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov


/s/ Patrick M. Connor
_____
PATRICK M. CONNOR
Trial Attorney
Texas State Bar No. 24076165
E-mail: Patrick.Connor@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**